UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY LOVEJOY, | ) | CASE NO. 5:15-cv-1487 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | **MEMORANDUM OPINION** |
| SECURITY ADMINISTRATION, | ) | **AND ORDER** |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Before the Court is plaintiff's motion for an award of attorney fees (Doc. No. 19) pursuant to the Equal Access to Justice Act ("EAJA" or "the statute"), 28 U.S.C. § 2412(d)(1)(A). Defendant has expressly indicated that she will be filing no opposition to plaintiff's motion. (*See* Doc. No. 20.) For the reasons set forth herein, plaintiff's unopposed motion for EAJA fees is granted.

## I. DISCUSSION

The EAJA provides, in relevant part:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In order to recover fees and expenses under the EAJA, (1) plaintiff must be a "prevailing party," (2) the position of the United States must not have been "substantially justified," (3) no

special circumstances must make an award of fees unjust, and (4) plaintiff must submit a timely fee application supported by an itemized statement. *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990).

In *Shalala v. Schaefer*, 509 U.S. 292, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993), the Court held that "prevailing party" status was achieved within the meaning of the EAJA when the plaintiff succeeded in securing an order of remand, even though the claimant does not become entitled to benefits until the administrative action called for under the remand order has been concluded. *Id*. at 300-01. On May 3, 2016, the Court remanded this matter to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (*See* Doc. Nos. 17, 18.) Therefore, plaintiff is a prevailing party herein. Further, the Court expressly finds that the position of the United States was not substantially justified (because the ALJ failed to provide specific, good reasons for discounting plaintiff's treating physician's opinion as to his lifting limitations), that no special circumstances make an award of fees unjust, and that plaintiff timely filed his application supported by an itemized statement.

Once the Court finds that the application should be granted, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The change in the cost of living over the years since the $125 hourly rate was established justifies an increase in the statutory rate. *See Crenshaw v. Comm'r of Soc. Sec.*, No. E13CV1845, 2014 WL 4388154, at *3 (N.D. Ohio Sept. 5, 2014).

Plaintiff's attorney has argued for a cost-of-living upward adjustment,[1] seeking hourly rates of $184.75 for services performed in 2015 (15.70 hours) and $184.72 for services performed in 2016 (3.40 hours). (Doc. No. 19 at 592, n.1.) Defendant has not opposed these cost-of-living adjustments and the Court finds them reasonable, especially in light of the prevailing hourly rates of attorneys in the Cleveland area for this kind and quality of service, as reflected by affidavits accompanying the fee motion. (*See* Doc. Nos. 19-6, 19-7.) Plaintiff has also submitted an itemized statement of counsel's services. (Doc. No. 19-2.) The Court has examined that statement and has found no evidence of excessive or duplicative services.

Accordingly, the motion for EAJA fees in the amount of $3,528.63 ($2900.58 for 2015, plus $628.05 for 2016) is granted.

EAJA attorney fees payable to plaintiff are subject to offset to satisfy any pre-existing federal debt owed by plaintiff. *Astrue v. Ratliff*, 560 U.S. 586, 593, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010). Payment may be made directly to plaintiff's attorney only if plaintiff owes no debt to the government and plaintiff has assigned any right to EAJA attorney fees to the attorney. *Crenshaw*, 2014 WL 4388154, at *5. Attached to plaintiff's motion for attorney fees is a fee agreement assigning EAJA fees. (Doc. No. 19-8.) The Commissioner is ordered to determine, within 30 days from the date of this order, whether plaintiff owes a pre-existing debt to the government, to offset any such debt against the award granted herein, and to pay the balance to plaintiff, or to plaintiff's attorney, in accordance with the provisions of any assignment plaintiff has made with respect to EAJA fees.

---

[1] The appropriate measure of inflation in this geographic area is the "Midwest Urban" CPI, which can be found on the website of the Bureau of Labor Statistics—http://www.bls.gov. *See Crenshaw,* 2014 WL 4388154, at *3 (collecting cases).

## II. CONCLUSION

Accordingly, plaintiff's motion for EAJA fees (Doc. No. 19) is granted. The Court concludes that plaintiff is entitled to an award of attorney fees in the total amount of $3,528.63. This amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: June 22, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**